EDWARDS v. GREENWICH SAVINGS BANK OF CITY OF NEW YORK.

(Supreme Court, Appellate Term.   April 10, 1908.)

INTERPLEADER—GROUNDS—SUFFICIENCY. ·

Where a bank account was assigned by R. to plaintiff, and E. subsequently gave notice to the bank that R. was incompetent at the time of the assignment, and on motion by the bank to make E. a defendant-in an action by plaintiff for the recovery of the balance 14 years after E.'s notice, during which time E. made no attempt to establish his claim, plaintiff's affidavit in opposition contradicted the statement of R.'s incompetency at the time of the transfer, and E. made default, it was error to sustain the motion.

Appeal from City Court of New York, Special Term.

Action by Clara R. Edwards against the Greenwich Savings Bank of the City of NewYork on an assigned deposit.   From an order granting defendant's motion for an interpleader, plaintiff appeals.   Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

L. A. Gould, for appellant.

George G. De Witt, for respondent.

PER CURIAM.   The order appealed from recites the service of defendant's notice of motion and petition upon Ernest Rabener, whom the bank seeks to have substituted as a defendant, and his default upon the hearing.   Plaintiff's affidavit, read in opposition to the motion, contradicts Rabener's written statement as to her mother's incompetency at the time the account was transferred and a pass book issued to plaintiff.   The fact that plaintiff in 1899 acquiesced in what may be regarded under the circumstances as the bank's advice to her is immaterial.   Her title is superior to any such alleged claim of Ernest Rabener, unless the latter shall substantiate it by proceedings in his own behalf to prove his statement.   The caution of the bank, while commendable, has reached a proper limit, as nearly 14 years have elapsed since Mr. Rabener gave his notice, and he has taken no action.

Order reversed, without costs, except disbursements, to be taxed.